UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

TONY GEORGITON,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE/
MONEY JUDGMENT

19 Cr. 504 (LAK)

WHEREAS, on or about July 10, 2019, TONY GEORGITON, (the "defendant"), was charged in two counts of a four-count Indictment, 19 Cr. 504 (LAK) (the "Indictment"), with conspiracy to commit bank bribery, in violation of Title 18, United States Code, Section 371 (Count One); and bribery, in violation of Title 18, United States Code, Sections 215(a)(1) and 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), of any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offenses charged in Counts One and Three of the Indictment;

WHEREAS, on or about September 9, 2020, the defendant pled guilty to Count One of the Indictment pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A):  a sum of money equal to $286,663.65 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Government asserts that $286,663.65 in United States currency represents any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, the Government seeks a money judgment in the amount of $286,663.65 in United States currency, pursuant to Title 18, United States Code, Section 982(a)(2)(A) representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $286,663.65 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the defendant personally obtained, shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, TONY GEORGITON, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

1/14/2021
DATE