# KRIEGER KIM & LEWIN LLP

500 Fifth Avenue  
New York, NY 10110  
Telephone: (212) 390-9550  
www.KKLllp.com

Paul M. Krieger

Direct Dial: (212) 390-9552  
paul.krieger@KKLllp.com

January 18, 2023

**By ECF**



The Honorable Lewis A. Kaplan  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

      **Re:**    *United States v. Kaufman, 19 Cr. 504 (LAK)*

Dear Judge Kaplan:

      We represent Tony Georgiton in the above-captioned case. We are writing to respectfully request that the Court grant the early termination of Mr. Georgiton's three-year term of probation. For the reasons set forth below, Mr. Georgiton meets the conditions for early termination under 18 U.S.C. § 3564, and early termination is warranted by his conduct and the interests of justice. Mr. Georgiton is primarily seeking early termination of his probation because of a need to travel to Greece more regularly to: (i) visit and spend extended periods of time with his ailing, 87-year-old mother; and (ii) assist in the maintenance and disposition of family properties, which his elderly mother is no longer able to adequately manage. As set forth below, the government and Mr. Georgiton's current and former Probation Officers do not object to this request.

## I.    Background and the Position of the Government and Probation

      On September 9, 2020, Mr. Georgiton pled guilty to one count of conspiracy to commit bank bribery (18 U.S.C. § 371). On January 11, 2021, he was sentenced to three years of probation, including nine months of home confinement. Mr. Georgiton was also sentenced to a fine of $95,000 and forfeiture of $286,663.65; there was no restitution. *See* Judgement of Tony Georgiton, January 1, 2021, DE 157. Mr. Georgiton paid the entire forfeiture amount on the day of his sentencing and shortly thereafter paid the fine as well. In October 2021, Mr. Georgiton successfully completed his nine-month period home confinement without incident.[1] From October 2021 until December 2022, Mr. Georgiton was supervised by Probation Officer Vincent

---

[1] While Mr. Georgiton was on bail during the pendency of his case, he was supervised by Pretrial Officer Francesca Piperato. When Mr. Georgiton was on home confinement following his sentencing, he was supervised by Probation Officer Joseph Barlow. We respectfully submit that these two officers would corroborate the fact that Mr. Georgiton was wholly compliant with the terms of his pre-trial release and home confinement.

Danielo out of the Eastern District of New York. Since December 2022, Mr. Georgiton has been supervised by Probation Officer Lisa Famularo, also out of the Eastern District of New York.

Mr. Georgiton has been in complete and full compliance with the terms of his probation in the two years since his sentencing. In addition, all four of Mr. Georgiton's requests to travel while on probation were approved by the Court and his probation officer, and Mr. Georgiton completed each trip without incident. Prior to no longer serving as Mr. Georgiton's Probation Officer, Officer Danielo communicated that he had no objections to early termination of Mr. Georgiton's probation. Officer Famularo has indicated the same, as, according to Probation Officer Danielo, Mr. Georgiton is in full compliance with the terms of his probation and Mr. Georgiton has met all the conditions the Department of Probation uses to evaluate whether early termination of probation is warranted.

In addition, on January 17, 2023, Assistant U.S. Attorney Dina McLeod advised us that the government has no objection to the instant application for early termination of Mr. Georgiton's probation.

It is also worth noting that Mr. Georgiton was arrested in July 2019 and was released on bail without incident for the 18-month period between the time of his arrest and his guilty plea. So, in total, Mr. Georgiton has been under the supervision of either a pre-trial services officer or a probation officer for three and a half years and has been in complete and full compliance with the Court's orders during that time.

Moreover, in March 2022, the government requested documents and records from Mr. Georgiton in connection with an unrelated criminal investigation that the government was conducting. Through counsel, Mr. Georgiton quickly and voluntarily provided all the requested materials, and he stands ready and willing to assist the government further, if needed, in that investigation.

## II. Legal Standard and Application

The legal standard regarding early termination of probation is governed by 18 U.S.C. § 3564(c). Section 3565(c) provides that for eligible defendants, the Court may terminate a previously ordered term of probation after considering the factors set forth in 18 U.S.C. § 3553(a) – which are the factors to be considered in imposing sentence in the first place – to the extent that they are applicable; and if such termination is warranted by the conduct of the defendant and the interest of justice. In addition, judiciary policy in effect at least as of 2010 provides helpful guidance regarding the criteria for early termination. *See Guide to Judiciary Policy,* Vol. 8E, United States Courts (2010) (the "Guide"), available at: http://www.madisonattorney.com/cjablog/Monograph109.pdf; *see also United States v. Black,* No. 10-CR-303-A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013) (citing the Guide as "an internal guide for U.S. Probation Officers issued by the Administrative Office of the United States Courts); *United States v. Kassim,* No. 15 CR. 554-3 (KPF), 2020 WL 2614760, at *1, n.1 (S.D.N.Y. May 22, 2020) (citing a the Probation Department's concurrence with a request for early termination and Probation's reliance on the Guide).

Here, Mr. Georgiton is statutorily eligible for early termination because he has completed more than one year of probation following his felony conviction. *See* 18 U.S.C. § 3564(c). Indeed, Mr. Georgiton has now served slightly more than two-thirds of his term of probation and has been under court ordered supervision for three and a half years. In addition, for the same reasons that the Court determined probation was an appropriate sentence for Mr. Georgiton, the 3553(a) factors weigh in favor of the early termination of his probation.

As an initial matter, the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1). Here, multiple aspects of Mr. Georgiton's history and characteristics weigh favor of an early termination of probation. First, Mr. Georgiton has no prior criminal history, with the exception of a conditional discharge for driving while alcohol impaired more than a decade ago. *See* PSR of Tony Georgiton, December 15, 2020, at 10. Mr. Georgiton is also not facing any other pending charges, as noted in his presentencing report, and has never otherwise even been arrested. *See* PSR, at 11. In addition, Mr. Georgiton has expressed genuine remorse for his conduct, as noted in the presentencing report and during his sentencing. *See* PSR, at 9. Outside of the charged conduct, Mr. Georgiton has otherwise lived an extraordinarily productive and morally upstanding life; he has been stably employed for over 30 years and "has a history of working hard to provide for himself and his family;" he additionally "plays an integral role in his family's well-being," including caring for his wife, who has a brain tumor and diabetes, and his adult daughter, who has severe psychological disabilities. PSR, at 24. In connection with his sentencing, Mr. Georgiton received more than 150 letters in his support of which we provided 81 to the Court. He is clearly a valued, respected, and integral member of his community.

Section 3553(a) also asks the Court to consider the need for the sentence to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(C). Here there is no such need. Mr. Georgiton's conduct in this matter was an aberration in an otherwise law-abiding life both before and after his conviction.

Section 3553(a) also asks the Court to consider the need to provide restitution for any victims of the offense. *See* 18 U.S.C § 3553(a)(7). In Mr. Georgiton's case, there is no need to provide restitution, since, as noted in the Judgement, Mr. Georgiton was not ordered to pay restitution. *See* DE 157, at 4. Mr. Georgiton did pay his forfeiture judgment and fine immediately upon conviction.

In addition, judiciary policy issued in or about 2010 provides helpful guidance regarding the criteria for early termination. *See Guide to Judiciary Policy,* Vol. 8E. Mr. Georgiton meets all the criteria that the *Guide* states weigh in favor of early termination of probation. The *Guide* lists stable community integration – include stable family life, residency, and employment – as factors weighing in favor of early termination. *See Guide* at 58. Mr. Georgiton has remained committed to his family and community as he was before his arrest. He and his wife have been married for 34 years. Mr. Georgiton provides care to his wife, who has diabetes and a brain tumor, and to his elderly mother in Greece when he has been able to travel there. Mr. Georgiton also continues to financially and emotionally support his adult daughter, who has severe psychological disabilities.

The *Guide* also lists progress toward supervision objectives and compliance with all conditions of supervision as additional factors weighing in favor of early termination of probation. *See Guide* at 58. Mr. Georgiton has completed two years of probation (and three and a half years total under court supervision, including his pretrial release) without incident and maintained full compliance with the terms of his home confinement and house arrest. In addition, as noted above and in his presentencing report, Mr. Georgiton complied with all conditions of his pretrial release.

The *Guide* lists several factors relating to the offense conduct and prior criminal history as weighing in favor of early termination of probation. First, Mr. Georgiton did not play an aggravated role in the charged offense conduct. Next, he has no history of violence whatsoever. Finally, the charged offense is Mr. Georgiton's only recent arrest or conviction.

Mr. Georgiton also meets all the remaining factors listed in the *Guide* as weighing in favor of early release. He has no history of alcohol or drug abuse; he has no psychiatric conditions or episodes; and he poses no risk to the safety of any victim of the offense conduct. Further, although we do not know all the inputs the Department of Probation uses to calculate its Risk Prediction Index, Mr. Georgiton presumably falls into the lowest category of risk for recidivism: he is almost 65 years old; he is married with children; and he has admitted responsibility for his conduct. As the presentencing report notes, Mr. Georgiton "is not viewed as a flight risk or a danger to the community." PSR, at 27.

In addition, as noted above, in March 2022, Mr. Georgiton swiftly and voluntarily cooperated with an unrelated federal, criminal investigation being conducted by the government. While on probation, Mr. Georgiton provided the government with all the documents requested by the assigned Assistant United States Attorneys. And even though such assistance is not a specific factor that a Court looks at when evaluating applications for early termination of probation, Mr. Georgiton's voluntary production and willingness to help in any way requested is further support for why an early termination Mr. Georgiton's probation is in the interests of justice and "reflects" Mr. Georgiton's "exceptionally good behavior," while on probation. *Kassim*, 2020 WL 2614760, at *2 (citing *United States* v. *Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

Further, while a "defendant's full compliance with the terms of supervised release, without more, generally does not warrant early termination" of probation, *Kassim*, 2020 WL 2614760, at *2, as set forth above, we respectfully submit that Mr. Georgiton's conduct over the past more than three years "reflects exceptionally good behavior," *id.*, which justifies early termination. Moreover, although Mr. Georgiton's need for regular and more extensive visits to Greece are arguably not entirely "new or unforeseen circumstances," *id.*, since the time of his sentencing, Mr. Georgiton's mother's advancing age and ailments as well as the need for Mr. Georgiton to attend to family properties and other interests in Greece have only grown since January 2021. This is especially true given the inability and unavailability of others in Mr. Georgiton's family to regularly attend to his mother's needs and manage and dispose of the properties owned by Mr. Georgiton's mother.

Page 5 of 5
January 18, 2023

---

    For all these reasons, we respectfully request that the Court grant an early termination of Mr. Georgiton's probation and we stand ready to address any questions or concerns the Court may have.

Very truly yours,<br>
KRIEGER KIM & LEWIN LLP<br>
<br>
By: <i>Paul Krieger</i><br>
Paul Krieger

cc: All Counsel (via ECF)

    Probation Officer Lisa Famularo (via email)

---

*Granted.*

SO ORDERED

*[signature]*
LEWIS A. KAPLAN, USDJ
1/19/23